UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DANIEL KENIGSBERG** | |
| **Plaintiff,** | |
| v. | Civil Action No. |
| **51 SKY TOP PARTNERS, LLC** and **ANTHONY E. MONELLI** | JURY TRIAL DEMANDED |
| **Defendants.** | July 14, 2023 |

## COMPLAINT

Plaintiff, Dr. Daniel Kenigsberg ("Dr. Kenigsberg" or "Plaintiff"), for his Complaint against the defendants, 51 Sky Top Partners, LLC, a Connecticut limited liability company, ("STP") and Attorney Anthony E. Monelli ("Monelli") (collectively "the Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1. This Complaint arises under the laws of the State of Connecticut and seeks legal and equitable relief for the Defendants' use of an obviously forged power-of-attorney to steal real property; resulting in slander of title, unlawful trespass, conversion, and statutory theft of the Plaintiff's real property known as 51 Sky Top Terrace in Fairfield, Connecticut, described more particularly on the attached Schedule A attached hereto as Exhibit A (the "Property").

2. This Court has subject matter jurisdiction by virtue of 28 U.S.C. § 1332 because there is a diversity of citizenship in that the Plaintiff is a resident of New York, both

Defendants are residents of Connecticut, and the matter in controversy exceeds $75,000. Supplemental jurisdiction exists over state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the parties and venue in this district is proper pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims substantially occurred in Connecticut and the subject Property is located in Connecticut.

## THE PARTIES

4. Dr. Kenigsberg is a natural person and is a resident and citizen of the state of New York, with a residence at 1 Dyers Court, East Setauket, New York.

5. STP is a limited liability company organized under the laws of the state of Connecticut and maintains its principal place of business at 335 Redding Road in Fairfield, Connecticut. The members of STP are Gina Leto and Greg Bugaj, each of whom are residents and citizens of the state of Connecticut and therefore STP is a resident of Connecticut.

6. Monelli is an attorney with a principal place of business at 935 White Plains Road in Trumbull, Connecticut, and Monelli is a resident and citizen of the state of Connecticut.

## FACTUAL ALLEGATIONS

7. Dr. Kenigsberg acquired title to the Property pursuant to a certain Trustee Deed granted by Daniel Kenigsberg, Co-Trustee of the Esther S. Kenigsberg Trust, dated October 7, 1991 and Samuel L. Braunstein, Successor Co-Trustee of the Esther S. Kenigsberg Trust, dated October 7, 1991 to Daniel Kenigsberg dated September 14, 2010 and recorded in Volume 4504 at Page 298 of the Fairfield Land Records.

8. The Property has long been owned by Dr. Kenigsberg and his family and Dr. Kenigsberg grew up in a home on an adjoining parcel. The Property has a value in excess of $350,000.

9. Prior to October 2022, the property and tax records for the town of Fairfield showed Dr. Kenigsberg as the owner of the Property and such records listed his address as 1 Dyers Court, East Setauket, New York.

10. Up until at least October of 2022, the Property was an unimproved lot.

11. Dr. Kenigsberg had no desire to sell the Property nor to construct any buildings whatsoever on the Property, but rather he had a long-term plan of passing the Property to his heirs in the future in its unimproved condition.

12. On October 18, 2022, a certain Warranty Deed dated October 13, 2022 was recorded at Volume 6365, Page 317 of the Fairfield Land Records ("Fraudulent Deed").

13. This Fraudulent Deed purports to transfer title to the Property from "Daniel Kenigsberg" to Sky Top Partners LLC in exchange for $350,000; a price below the market value of the Property.

14. The Fraudulent Deed was executed by Monelli purportedly acting as attorney in fact for "Daniel Kenigsberg" pursuant to a Durable Statutory Power of Attorney – Short Form, recorded in Volume 6365, Page 313 of the Fairfield Land Records and purportedly signed by Dr. Kenigsberg on September 8, 2022 (the "Power of Attorney").

15. The Power of Attorney, which was purportedly signed by "Daniel Kenigsberg" in Johannesburg, South Africa, is a forgery.

16. Dr. Kenigsberg has never lived in Johannesburg, South Africa and was not traveling there in 2022.

17. Dr. Kenigsberg never authorized the sale of his Property to anyone.

18. Defendant Attorney Anthony E. Monelli knew or should have known that the Power of Attorney was a forgery.

19. Dr. Kenigsberg did not sign the Power of Attorney and did not authorize any attorney-in-fact, including Monelli, to sign the Fraudulent Deed.

20. Dr. Kenigsberg has not conveyed any interest in the Property and is still the owner of the Property.

21. The Fraudulent Deed is void.

22. STP knew or should have known that the Fraudulent Deed was invalid.

23. STP is an entity formed for the purpose of new single-family housing construction.

24. In the Fall of 2022 and continuing until now STP has been constructing a new single-family home on the Property.

25. STP does not own the Property.

26. The actions STP has undertaken on the Property, including but not limited to construction-related actions, were not permitted by the true owner Dr. Kenigsberg, and constitute a trespass.

27. Unless enjoined, any further construction-related activities on the Property will further harm Dr. Kenigsberg and are adverse to his ownership of the Property.

**FIRST COUNT: QUIET TITLE ACTION – 51 Sky Top Terrace, Fairfield, Connecticut (Conn. Gen. Stat. § 47-31)**

28. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 27 in the initial sections of this Complaint as if fully set forth herein as part of this First Count.

29. There are or may be persons who have or may have some right, title, estate or interest in or lien or encumbrance on the Property derived from any further subsequent conveyance premised upon the Fraudulent Deed.

30. The Fraudulent Deed operates as a cloud on Dr. Kenigsberg's rightful title to and interest in the Property

31. The Plaintiff seeks an order from this Court quieting title, declaring the Fraudulent Deed void, and thus declaring that Dr. Kenigsberg remains the sole rightful owner of the Property and that no party claiming any interest in the Property though the Fraudulent Deed has any rightful interest in the property.

### SECOND COUNT: SLANDER OF TITLE (CONN. GEN. STAT. § 47-33J)
**(as to Defendant STP)**

32. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 27 in the initial sections of this Complaint as if fully set forth herein as part of this Second Count.

33. STP knew or should have known that the Power of Attorney was a forgery.

34. STP knew or should have known that the Fraudulent Deed was false.

35. The recording of the Fraudulent Deed in the Fairfield Land Records was a publication of a false statement, derogatory to Dr. Kenigsberg's title in the Property, which was published with reckless disregard for the truth and caused special damages in that it purports to deprive Dr. Kenigsberg of title to the property and of the value and exclusive use of the Property.

### THIRD COUNT: SLANDER OF TITLE (CONN. GEN. STAT. § 47-33J)
**(as to Defendant Monelli)**

36. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 27 in the initial sections of this Complaint as if fully set forth herein as part of this Third Count.

37. Monelli knew or should have known that the Power of Attorney was a forgery.

38. Monelli knew or should have known that the Fraudulent Deed was false and never authorized by Dr. Kenigsberg.

{S7509695;3}                                              5

39. The recording of the Fraudulent Deed in the Fairfield Land Records was a publication of a false statement, derogatory to Dr. Kenigsberg's title to the Property, which was published with reckless disregard for the truth and caused special damages in that it purports to deprive Dr. Kenigsberg of title to the property and of the value and exclusive use of the Property.

## FOURTH COUNT: TRESPASS
### (as to Defendant STP)

40. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 27 in the initial sections of this Complaint as if fully set forth herein as part of this Fourth Count.

41. Dr. Kenigsberg owns and has the exclusive possessory interest in the Property.

42. STP neither has nor at any point had permission nor any right to enter the Property.

43. STP intentionally entered the Property and commenced construction of a single-family home thereupon, negatively affecting Dr. Kenigsberg's exclusive possessory interest and depriving him of use of the Property. STP's construction activities and trespass on the Property continue to date.

44. STP's invasion of and trespass on the Property directly injure Dr. Kenigsberg by clouding title to the Property, depriving him of use of the Property and causing waste and damage thereupon.

45. Dr. Kenigsberg has been further damaged by this trespass by STP to the extent he will incur extensive expense to return the Property to the condition which existed before STP's trespass.

### FIFTH COUNT: INJUNCTION AGAINST TRESPASS
### (as to Defendant STP)

46. Plaintiff re-alleges the allegations contained in Paragraphs 39 through 44 of the fourth Count of this Complaint as if fully set forth herein as part of this Fifth Count.

47. STP's trespass on the Property is continuing, and STP continues its construction activities on the Property, depriving Dr. Kenigsberg of his exclusive possession and use of the Property.

48. Dr. Kenigsberg is suffering irreparable injury as a result of STP's trespass on the Property and Dr. Kenigsberg lacks an adequate legal remedy to regain his possession, and his right to sole and exclusive use of the Property.

49. Dr. Kenigsberg is entitled to preliminary and permanent injunctive relief against STP's trespass on the Property.

### SIXTH COUNT: CONVERSION
### (as to Defendant Monelli)

50. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 27 in the initial sections of this Complaint as if fully set forth as part of this Sixth Count.

51. The Property, at all times relevant to this Complaint, was owned and continues to be owned by Dr. Kenigsberg.

52. Monelli purported to act as attorney-in-fact for Dr. Kenigsberg based on the Power of Attorney that Monelli knew or should have known to be forged.

53. Monelli purported to sell the Property to STP as attorney-in-fact for Dr. Kenigsberg. The putative sale of the Property to STP has deprived Dr. Kenigsberg of his control and legal title to Property for an indefinite period of time and purports to deprive Dr. Kenigsberg of the value of the Property.

54. Monelli was never authorized to act as attorney-in-fact for Dr. Kenigsberg.

55. Monelli's conduct harmed Dr. Kenigsberg in that Monelli, through an act of fraud, converted the value of the Property for the benefit of a party or parties unknown.

### SEVENTH COUNT: STATUTORY THEFT (CONN. GEN. STAT. § 52-564)
### (as to Defendant Monelli)

56. Plaintiff re-alleges the allegations contained in Paragraphs 49 through 54 of the Sixth Count as if fully set forth herein as part of this Seventh Count.

57. Monelli intentionally deprived Dr. Kenigsberg of his title to the Property and the value thereof.

58. Pursuant to Connecticut General Statutes § 52-564, Monelli is liable to Dr. Kenigsberg for treble damages for this statutory theft.

### EIGHTH COUNT: FORGERY (CONN. GEN. STAT. § 52-565)
### (as to Defendant Monelli)

59. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 27 in the initial sections of this Complaint as if fully set forth herein as part of this Seventh Count.

60. Monelli knowingly presented as true the forged Power of Attorney by recording it upon the Fairfield Land Records and utilizing it to fraudulently sell the Property.

61. Monelli intentionally deprived Dr. Kenigsberg of his Property and the value thereof through the use of this forged document.

62. Pursuant to Connecticut General Statutes § 52-565, Monelli is liable to Dr. Kenigsberg for double damages resulting from this forgery.

### NINETH COUNT: UNFAIR TRADE PRACTICES
### (CONN. GEN. STAT. §§ 42-110a et seq.)
### (as to all Defendants)

63. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 27 in the initial sections of this Complaint as if fully set forth herein as part of this Nineth Count.

64. At all relevant times, Defendants were engaged in trade or commerce within the state of Connecticut, specifically the business of real estate development, construction and and/or sales.

65. As set forth in the preceding paragraphs, Defendants' theft of the real Property from Dr. Kenigsberg by the use of and reliance on a forged Power of Attorney and the Fraudulent Deed constitutes unfair and/or deceptive acts and/or practices in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes Sections 42-110a, et seq., in that the acts offended public policy; were immoral, unethical, oppressive, and/or unscrupulous; and/or caused substantial injury to the Plaintiff.

66. The Defendants committed their improper acts and/or practices intentionally, with a specific intent to injure the Plaintiff and/or with a reckless disregard for the Plaintiff's rights.

67. By virtue of the foregoing, Plaintiff has suffered an ascertainable loss and will continue to suffer substantial harm. As a result, Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees, interest, and costs as provided under CUTPA, Connecticut General Statutes Sections 42-110a, et seq.

68. In accordance with General Statutes § 42-110g(c), Plaintiff is causing a copy of this Complaint to be mailed to the Office of the Attorney General and to the Connecticut Commissioner of Consumer Protection.

**PRAYER FOR RELIEF**

WHEREFORE, Dr. Daniel Kenigsberg respectfully requests from this Court:

A. An order quieting title to the real property known as 51 Sky Top Terrace in Fairfield, Connecticut in favor of Dr. Daniel Kenigsberg, of Setauket, New York, as the true title owner of the Property, and, declaring the Fraudulent Warranty Deed dated October 13, 2022 that was recorded at Volume 6365, Page 317 of the Fairfield Land Records to be void;

B. Temporary and permanent injunctive relief ordering the Defendants and/or their agents and/or representatives to cease all activities upon the Property, including specifically (but not limited to) construction related activities and to return possession of the Property to Plaintiff;

C. Temporary and permanent injunctive relief ordering the Defendants to remove any structures and/or materials from the Property and restore the Property to the condition that it was in prior to Defendants' trespass upon it;

D. Compensatory damages;

E. Exemplary damages under Connecticut law;

F. Attorney's fees under Conn. Gen. Stat. § 47-33j;

G. Double damages pursuant to Conn. Gen. Stat. § 52-565;

H. Treble damages pursuant to Conn. Gen. Stat. § 52-564;

I. Punitive damages, attorney's fees, and costs pursuant to Conn. Gen. Stat. § 42-110g;

J. Prejudgment and post-judgment interest as may be provided by Connecticut law

K. Such other or further relief in law or equity as this Court may deem just and reasonable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury in this action to the extent permitted by law.

> THE PLAINTIFF,
> DANIEL KENIGSBERG
>
> By: /s/Peter M. Nolin
> Peter M. Nolin (ct06223)
> **Carmody Torrance Sandak & Hennessey LLP**
> 1055 Washington Boulevard
> 4th Floor
> Stamford, CT 06901-2218
> Telephone: 203-425-4200
> Facsimile: 203-325-8608
> pnolin@carmodylaw.com
> His Attorneys