UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DANIEL KENIGSBERG,** | **CIVIL ACTION**<br>**NO. 3:23-CV-00939 (RNC)** |
| *Plaintiff,* | |
| **v.** | |
| **51 SKY TOP PARTNERS, LLC, ET AL.,** | **AUGUST 7, 2023** |
| *Defendants.* | |

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT, 51 SKY TOP
PARTNERS, LLC'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant, 51 Sky Top Partners, LLC

("STP"), submits this memorandum of law in support of its motion to dismiss count one of the

complaint of Plaintiff, Dr. Daniel Kenigsberg ("Kenigsberg"), for lack of subject matter

jurisdiction, and counts two, five, and nine of the complaint and portions of the prayer for relief

for failure to state a claim.

**I.    ALLEGATIONS**

According to the complaint, Kenigsberg has, at all times relevant, owned certain real

property known as 51 Sky Top Terrace, Fairfield (the "Property"). Compl. ¶ 7.

In October 2022, a deed purportedly conveying the Property to STP was recorded in the

Fairfield land records. Compl. ¶ 13. The stated consideration for the conveyance was $350,000,

which Kenigsberg says is "below market value." *See id.* Thereafter, STP commenced to

construct a new, single-family home on the Property. *Id.* ¶ 24.

The deed was executed by Anthony Monelli, acting as Kenigsberg's attorney in fact

pursuant to a Durable Statutory Power of Attorney – Short Form. Compl. ¶ 14. The power of

attorney, according to the complaint, is a forgery. *Id.* ¶ 15. Kenigsberg never authorized Monelli

or anyone else to sell the property to STP or otherwise. *Id.* ¶ 17. Indeed, he alleges he "had no

desire to sell the Property nor to construct any buildings whatsoever. . . ." *Id.* ¶ 11. Rather, "he had a long-term plan of passing the Property to his heirs in the future in its unimproved condition." *Id.*

Because the Power of Attorney was forged, the deed conveying the Property to STP is void (*id.* ¶ 21) and invalid. *Id.* ¶ 22.[1] According to the complaint, STP "knew or should have known the deed was invalid." *Id.*

## II.     COUNT ONE OF THE COMPLAINT SHOULD BE DISMISSED AS MOOT UNDER RULE 12(b)(1).

### A.     Standard

Under Rule 12(b)(1) of Federal Rules of Civil Procedure, "a case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Makarova*, 201 F.3d at 113. In determining whether the plaintiff has met this burden, the court must accept as true all factual allegations in a complaint and draw all reasonable inferences in favor of the plaintiff. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). The court may also rely on evidence outside the complaint in deciding a Rule 12(b)(1) motion. *Makarova*, 201 F.3d at 113.

The issue of mootness is one of subject matter jurisdiction. *See Fox v. Board of Trustees*, 42 F.3d 135, 140 (2d Cir. 1994). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (internal quotation marks omitted).

### B.     Argument

---

[1] That Monelli and STP fell prey to a scam by which a third-party fraudster impersonated Kenigsberg and then purported to empower Monelli to sell the Property on his behalf, though unstated, is inferable from the allegations of the complaint.

Count one of Kenigsberg's complaint seeks an order from the Court quieting title to the Property. There is no need. A quitclaim deed by STP conveying to Kenigsberg whatever interest it has in the Property has been delivered to him, together with an affidavit of facts averring, among other things, that the deed by which STP purportedly acquired title to the Property in October 2022 (*see* Compl. ¶ 13) was void and of no effect. *See* Affidavit of Jay R. Lawlor ("Lawlor Aff."), a copy of which is attached hereto as Exhibit A, ¶ 4 and Schedule A. The quiet title claim is moot and, accordingly, should be dismissed.

## III.   COUNTS TWO, FIVE, AND NINE OF THE COMPLAINT AND THE PORTIONS OF THE PRAYER FOR RELIEF SEEKING PUNITIVE DAMAGES AND ATTORNEY'S FEES SHOULD BE DISMISSED UNDER RULE 12(b)(6).

### A.   Standard

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or a mere 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

### B.   Argument

#### 1.   Count Two: Slander of Title

Count two of the complaint is for slander of title (C.G.S. § 47-33j). A claim for slander of title requires a party to prove, among other things, "the uttering or publication of a false

statement derogatory of the plaintiff's title, *with malice* . . . ." *Dowling v. Bond*, 345 Conn. 119, 164 (2022) (internal quotation marks, citations omitted) (emphasis added). "Malice is not present, for purposes of an action for slander of title, when the allegedly slanderous statement regarding the title of property, although false, was made in good faith and with probable cause for believing it or with a reasonable belief in its veracity  . . ." *Id.* at 165 (internal alterations, quotation marks omitted). Rather, a plaintiff must show that the statement "was made with knowledge that it was false or with reckless disregard for its truth." *Id.*

Kenigsberg alleges that STP "knew or should have known" the deed from Monelli "was invalid" (compl. ¶ 22), and that STP recorded the deed "with reckless disregard for its truth" (*id.*, cnt. 2 ¶ 35). These are conclusory allegations, which need not be credited by the court. *See, e.g.*, *Lee v. Yale Univ.*, 624 F. Supp. 3d 120, 143 (D. Conn. 2022) (Merriam, J.) ("dismissing negligent misrepresentation claim premised on "knew or should known" allegation made without any factual support); *Corcoran v. G&E Real Estate Mgmt. Servs.*, 484 F. Supp. 3d 43, 52 n. 3 (D. Conn. 2020) (Haight, J.) (same). Kenigsberg offers no factual content from which the court might reasonably infer that STP acted with actual malice when it recorded the deed. *See Iqbal*, 556 U.S. at 678. Indeed, the allegations of his complaint are entirely consistent with, and indeed support, an opposite inference – that is, that STP believed it was acquiring title to the Property by one properly authorized to convey it. It would not have paid $350,000 (*see* compl. ¶ 13), and then commenced to construct a single-family residence thereon (*id.* ¶ 24), otherwise. Count two of the complaint should be dismissed for failure to state a claim.

### 2.   Count Five: Injunction against Trespass

Count five is for injunction. An injunction is a remedy, not an independent cause of action. *See, e.g.*, *BMO Harris Bank N.A. v. Newtown Elec. LLC*, 2022 U.S. Dist. LEXIS 227069, *1 n. 1 (D. Conn. Dec. 16, 2022) (Bolden, J.) (citing cases); *O'Connell v. Zehring*, 2017 Conn. Super. LEXIS 3034, *17-18 (Jun. 2, 2017) (Moore, J.) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."); *Stefan v. P.J. Kids, LLC*, 2005 Conn.

4

Super. LEXIS 637 (Mar. 1, 2005) (Sheedy, J.) (citing cases) ("An injunction is a form of equitable relief. It is not a 'cause of action.'").

Kenigsberg has sought injunctive relief in his prayer. A separate, independent cause of action for injunction is not only not cognizable, it is unnecessary too. Count five accordingly should be dismissed.

### 3.     Count Nine: Unfair Trade Practices

Count nine of Kenigsberg's complaint is for violation of the Connecticut Unfair Trade Practices Acts ("CUTPA") (C.G.S. § 42-110a et seq.). "CUTPA provides that no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. To state a claim under CUTPA, [a plaintiff] must plead that he (1) suffered an ascertainable loss of money or property, (2) that was caused by, (3) an unfair method of competition or an unfair or deceptive act in the conduct of any trade or commerce." *Edwards v. N. Am. Power & Gas, LLC*, 120 F. Supp. 3d 132, 141 (D. Conn. 2015) (internal citations, quotation marks omitted).

In order for CUTPA to apply, the plaintiff must have "some sort of business relationship" with the defendant, "such that he suffers injury as either a consumer or competitor of the defendant or as some other businessperson affected by its unfair or deceptive acts." *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 232 (D. Conn. 2014) (Bryant, J.) (internal quotation marks omitted). It is not enough for there to be some basic level of interaction between the parties; CUTPA's application is limited to customers, competitors, and businesspeople. *Id.* (rejecting argument that "direct interaction" with the defendant's business is sufficient: "plaintiff cites to no authority in support of her argument for expanding the scope of standing under CUTPA," and that position "is not consistent with the weight of authority and is wholly unsupported by any legal authority whatsoever").

Here, Kenigsberg does not – and cannot – allege that any relationship of any kind existed between himself and STP (or Monelli), much less the kind of relationship that CUTPA requires. He was not STP's consumer. Neither was he in competition with it. According to the complaint,

he owns land, which Monelli purported to convey to STP, and which STP thereafter trespassed upon. Before STP entered upon the land, there was no relationship at all between Kenigsberg and STP – they were strangers. After, it was that of landowner and (unwitting) trespasser. Neither implicates CUTPA. *See, e.g.*, *Ventres v. Goodspeed Airport, LLC*, 275 Conn. 105, 157 (2005) (affirming trial's court's decision to strike CUTPA claim pled by land trust against neighboring airport based on airport's conduct in clear-cutting the land trust's land to expand its runway; "the relationship between the land trust defendants and the airport defendants cannot be characterized as competitive in any ordinary business sense. Rather, before the clear-cutting, the relationship was merely one of neighboring landowners. After the clear-cutting, the relationship was one of landowner and trespasser.").

### 4.   Prayer for Relief: Exemplary and Punitive Damages

Kenigsberg prays for, among other things, exemplary damages and punitive damages pursuant to C.G.S. § 42-110g. "In order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." *Berry v. Loiseau*, 223 Conn. 786, 811 (1992). The same standard applies to punitive damages available pursuant to C.G.S. § 42-110g. *Gargano v. Heyman*, 203 Conn. 616, 622 (1987).

"Recklessness is a state of consciousness with reference to the consequences of one's acts . . . . [R]ecklessness may be inferred from conduct. But in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . .  It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action . . . ." *Craig v. Driscoll*, 262 Conn. 312, 342-43 (2003).

Here, Kenigsberg alleges, in conclusory fashion, that STP acted intentionally and/or with a reckless disregard for his rights. *See, e.g.*, Compl., Cnt. 9 ¶ 66. "Threadbare recitals" that are "supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678. Kenigsberg fails to plead any factual conduct that would support the allegation that STP acted intentionally

6

or with reckless disregard. The portions of Kenigsberg's prayer for relief seeking punitive damages should be dismissed.

     5.    <u>Prayer for Relief: Double and Treble Damages and Attorney's Fees</u>

Kenigsberg also prays for attorney's fees under C.G.S. § 47-33k, double damages under C.G.S. § 52-565, treble damages under C.G.S. § 52-564, and attorney's fees under C.G.S. § 42-110g. Double damages may be sought under Section 52-565, where a person "falsely makes, alters, forges or counterfeits any document, or knowingly utters, as true, any document falsely made, altered, forged or counterfeited . . . ." Treble damages are available under Section 52-564, where a person "steals any property of another, or knowingly receives and conceals stolen property." Attorney's fees may be awarded for violation of C.G.S. §§ 47-33k and 42-110g.

None of these statutes apply to STP. Kenigsberg does not assert a claim against it for forgery or theft. And the claims he asserts against it for statutory slander of title (§ 47-33k) and unfair trade practices (§42-110g) should be dismissed for the reasons set forth above. Accordingly, insofar as Kenigsberg's prayer seeks the foregoing items of damages from STP, it should be dismissed.

## IV.    CONCLUSION

For all of the foregoing reasons, count one of the complaint of Plaintiff, Daniel Kenigsberg, should be dismissed under Rule 12(b)(1), and counts two, five, and nine of the complaint and the portions of the prayer for relief seeking punitive damages and attorney's fees should be dismissed under Rule 12(b)(6).

                    THE DEFENDANT,
                    51 SKY TOP PARTNERS, LLC


                    By /s/  Jay R. Lawlor
                       Jay R. Lawlor (ct 29546)
                       Hoopes Morganthaler Rausch & Scaramozza LLC
                       CityPlace II—185 Asylum Street
                       Hartford, CT 06103-3426
                       Telephone: (860) 275-6800
                       Fax:  (860) 275-6819
                       E-mail:  jlawlor@hmrslaw.com

8

## CERTIFICATION

      I hereby certify that on August 7, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing system will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/  Jay R. Lawlor
Jay R. Lawlor (ct 29546)
Hoopes Morganthaler Rausch & Scaramozza LLC
CityPlace II—185 Asylum Street
Hartford, CT 06103-3426
Telephone: (860) 275-6800
Fax:  (860) 275-6819
E-mail:  jlawlor@hmrslaw.com
